IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

WESLEY I. TAYLOR,                                                                                     PLAINTIFF

       v.           Civil No. 6:23-CV-06127-SOH-CDC

JUDGE KARA PETRO; and
SHANE ETHRIDGE, Public Defender,
                                                                                                      DEFENDANTS.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

      Plaintiff Wesley I. Taylor, a pretrial inmate at the Garland County Detention Center, ("GCDC"), in Hot Springs, Arkansas, filed the above-captioned civil rights action under 42 U.S.C. § 1983. (ECF No. 1). Plaintiff proceeds *pro se*. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purposes of making a Report and Recommendation.

      This Court previously granted Plaintiff's application to proceed *in forma pauperis* (IFP). (ECF No. 5). This matter is now before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon that review and for the reasons outlined below, this Court recommends that this matter be dismissed without prejudice for failure to state a cognizable § 1983 claim. *See* 28 U.S.C. § 1915A(b)(1).

**BACKGROUND**

      Plaintiff says that he appeared in state court for a "plea and arraignment" on three charges

1

on August 15, 2023. (ECF No. 1).  Plaintiff asserts that when he appeared for court, state trial court Judge Kara Petro told him he was also being held on two additional charges of domestic battery and failure to appear. *Id*.  Plaintiff says that he is being held in custody on these charges in error. *Id.*  According to Plaintiff, the person who should be charged with these offenses is a white male with a date of birth of December 6, 1973. *Id.* Plaintiff claims that his unlawful detention has caused him to suffer emotional, physical, and mental distress, especially considering that he is not able to help his mother, who has been diagnosed with cancer, and he missed his children's first day of school. *Id.*  Plaintiff requests immediate release and money damages. *Id.*

This is Plaintiff's second action alleging essentially the same set of facts. *See Taylor v. McCormick*, Case No. 6:23-CV-06126-SOH-CDC (W.D. Ark. Nov. 29, 2023) (*Taylor I*).  The only substantive difference between this case and *Taylor I* is the defendants named to each action. In *Taylor I*, Plaintiff identified Sheriff Mike McCormick and Chief Deputy Steven Elrod as defendants. *Id.* (ECF No. 1).  Here, by contrast, Plaintiff names Judge Kara Petro and Shane Ethridge, Public Defender, as defendants.  This distinction, however, does not change the recommendation:  Plaintiff has failed to articulate a cognizable § 1983 claim.

## LEGAL STANDARD

Under PLRA, the Court is obligated to review the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be

2

granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A pro se complaint, moreover, is to be given liberal construction, meaning "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). However, "they still must allege sufficient facts to support the claims advanced." *Id.* at 914 (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

## DISCUSSION

As explained in *Taylor I*, the root of Plaintiff's Complaint is that his current detention is unlawful. This is not a cognizable § 1983 claim. A "§ 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). This legal principle applies in equal force to pretrial detainees, such as Plaintiff.

Here, Plaintiff makes no claims regarding the *conditions* of his pretrial confinement. Rather, his complaint is solely with the fact that he continues to be confined, a confinement he alleges is unlawful. In *Preiser*, the United States Supreme Court made clear that "when a state prisoner is challenging the very fact or duration of his physical confinement, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser*, 411 U.S. at 500. Although Plaintiff is a pretrial detainee, and not in custody pursuant to a state court judgment, this does not change the fact that the proper vehicle for challenging his confinement in federal court is

3

through a habeas petition. *Palmer v. Clarke*, 961 F.2d 771, 774 (8th Cir. 1992) ("It is well-established that federal district courts can entertain pretrial habeas petitions in which the petition asserts an impending state trial violates the Double Jeopardy Clause."); *see also Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) ("[A] state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241.").

Although Plaintiff is also requesting money damages, under *Heck v. Humphrey*, 512 U.S. 477 (1994), the form of the relief does not change the outcome. Pursuant to *Heck*,

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* at 477. Thus, under *Heck*, a claim for damages for an allegedly unlawful pretrial detention does not arise until (or unless) the detainee has successfully challenged that detention through habeas or some other proceeding. *Portley-El v. Brill*, 288 F.3d 1063, 1066 (8th Cir. 2002). Because Plaintiff's sole claim concerns the fact of his detention and that detention has not been determined to be unlawful through some other mechanism, Plaintiff's Complaint should be dismissed.

On final note, to establish a § 1983 claim, the complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *see also DuBose v. Kelly,* 187 F.3d 999, 1002 (8th Cir.1999). Public defenders such as Shane Ethridge, however, are not "acting

4

under color of state law" for the purposes of § 1983 litigation "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).  Although a § 1983 claim may be brought against a public defender if the public defender "has conspired with . . . state officials to deprive a prisoner of federally protected rights," *Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988), the allegations of a conspiracy must be pleaded with sufficient specificity and factual support to suggest a "meeting of the minds," *Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir. 1983). There are no such allegations here.

Further, judicial officers such as Judge Petro are generally immune from suit. *See Justice Network Inc. v. Craighead Cnty.,* 931 F.3d 753, 759 (8th Cir. 2019) (quoting *Mireles v. Waco,* 502 U.S. 9, 11 (1991) (per curiam)).  Judicial immunity applies in all but two limited circumstances. *See id.* at 760.  "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity.  Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (citing *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (per curiam)). Plaintiff has established no facts to suggest that either of these two limited exceptions applies here. Thus, in sum, even if Plaintiff plead a cognizable § 1983 claim (which he has not), claims against these defendants should nevertheless fail as a matter of law.

## CONCLUSION

In sum, having reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, the undersigned recommends that: (1) Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE** for failure to state a cognizable § 1983 claim; and (2) Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. §

1915(g) and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**RECOMMENDED** this 19th day of December 2023.

*Christy Comstock*
CHRISTY COMSTOCK
U.S. MAGISTRATE JUDGE